NOT FOR PUBLICATION                                              **CASE CLOSED**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

JOHN D. PECK,

        Plaintiff,                          Civil Action No. 07-402(SDW)

    v.

ALPHARMA, INC.,

        Defendant.                         **OPINION**

                                                         November 1, 2007

**WIGENTON, District Judge**

      Before the Court is a Motion to Dismiss the Complaint (the "Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Alpharma, Inc. ("Defendant"). Also before the Court is a Cross-Motion to Remand the Case to Arbitration (the "Cross-Motion"), filed by John D. Peck ("Plaintiff"). The Motion and Cross-Motion are decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, we grant the Motion and deny the Cross-Motion.

**Jurisdiction and Venue**

      As Plaintiff seeks to compel arbitration under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, this Court has jurisdiction under 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b).

**Background**

For purposes of the Rule 12(b)(6) motion to dismiss, the following allegations are drawn from the Complaint.

On or about May 16, 2005, John D. Peck ("Plaintiff") became employed as an executive by Alpharma, Inc. ("Alpharma" or "Defendant"), in the position of Director of Business Development. (Compl. ¶ 1.) On May 2, 2005, Plaintiff executed a letter of employment in which Alpharma agreed that Plaintiff would be eligible for coverage under Alpharma's Change in Control Plan (the "Plan"). (Compl. ¶ 2.) The Plan was applicable to all of Alpharma's operating divisions. (Compl. ¶ 3.) The Plan defined a "change in control" to mean, in part, as the conveyance of all or substantially all of the assets of Alpharma to another entity. (Compl. ¶ 3.)

After Alpharma conveyed its Global Human Generics Business Unit to Actavis Global Human Generics, Plaintiff became employed by Actavis. (Compl. ¶ 6.) Plaintiff's employment was terminated on January 24, 2006, effective January 27, 2006. (Compl. ¶ 6.) Plaintiff contends that Alpharma's conveyance of its Global Human Generics Business Unit constituted a "change in control" within the meaning of the Plan. (Compl. ¶ 7.)

Plaintiff received twelve months of severance pay. (Compl. ¶ 8.) Plaintiff contends that under the Plan, he was entitled to a total of eighteen months in the event Plaintiff's employment was terminated for any reason other than "for cause." (Compl. ¶ 2.) Plaintiff filed this lawsuit demanding that his dispute with the Defendant be submitted to binding arbitration, in accordance with Section 8.5 of the Plan. (Compl. ¶ 9.) Section 8.5 provides that "[a]ll disputes regarding the application of the definition of Constructive Termination shall be submitted to an Arbitration Panel whose findings shall be binding on the Company and the Executive." (Compl. ¶ 3.)

**Discussion**

Standard of Review

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all well-pled allegations in the complaint and all reasonable inferences that can be drawn therefrom and construe them in the light most favorable to the plaintiff. *Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co.*, 226 F. Supp. 2d 557, 559 (D.N.J. 2002). While Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim," the information contained in the complaint must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

In deciding a Rule 12(b)(6) motion, the court should consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of America*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). A document forms the basis of a claim if it is "integral to or explicitly relied upon in the complaint." *Lum*, 361 F.3d at 222 n.3 (citing *Burlington Coat Factory*, 114 F.3d at 1426 (emphasis omitted)). Such a document "may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" *Burlington Coat Factory*, 114 F.3d at 1426 (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

However, the court is "not compelled to accept 'unsupported conclusions and unwarranted inferences' or 'a legal conclusion couched as a factual allegation.'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (internal citations omitted). A court may dismiss a complaint for failure to

state a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley*, 355 U.S. at 45-46).

Limited Arbitration Under the Plan

A district court has jurisdiction to determine whether a dispute falls within the scope of an arbitration agreement. *Medtronic Ave Inc. v. Advanced Cardiovascular Sys.*, 247 F.3d 44, 54 (3d Cir. 2001); *AT&T Techs. Inc. v. Communications Workers of Am.*, 475 U.S. 643, 649 (1986). However, since "arbitration is a matter of contract . . . a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Techs.*, 475 U.S. at 648 (quoting *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)).

In the instant case, Section 8.5 of the Alpharma Inc. Change in Control Plan (the "Plan") limits arbitration to disputes involving "Constructive Termination." The Plan defines "Constructive Termination," in pertinent part, as a "voluntary resignation following a Change in Control." (Plan § 1.10.) Thus, the Plan limits arbitration to situations where there is *both* a voluntary resignation *and* a change in control. The Plaintiff does not allege that he voluntarily resigned; rather, Plaintiff acknowledges that he was terminated. (Compl. ¶ 6.) Plaintiff fails to meet one of the two requirements necessary for arbitration. As a result, Plaintiff's Complaint fails to state a claim for compelling arbitration and the complaint must be dismissed pursuant to Rule 12(b)(6).

It is not necessary for the Court to determine whether Alpharma's conveyance of its Global Human Generics Business Unit constituted a "change in control" within the meaning of the Plan, and thus gave rise to Plan benefits. Because Plaintiff's claim does not fit within the limited scope of the Plan's arbitration provision, it is subject to the regular claims procedure, which is discussed in the

following section.

Administrative Remedies Under the Plan

"Except in limited circumstances . . . a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." *Weldon v. Kraft, Inc.*, 896 F.2d 793, 800 (3d Cir. 1990) (citing *Wolf v. Nat'l Shopmen Pension Fund*, 728 F.2d 182, 185 (3d Cir. 1984). Public policy supporting the exhaustion requirement include: "to help reduce the number of frivolous lawsuits under ERISA; to promote the consistent treatment of claims for benefits; to provide a nonadversarial method of claims settlement; and to minimize the costs of claims settlement for all concerned." *Amato v. Bernard*, 618 F.2d 559, 567 (9th Cir. 1980). "Although the exhaustion requirement is strictly enforced, courts have recognized an exception when resort to the administrative process would be futile." *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 916 (3d Cir. 1990).

Here, Plaintiff contends that he was owed six additional months of severance pay. (Compl. ¶ 8.) His Complaint seeks to submit this dispute to binding arbitration. (Compl. ¶ 9.) However, the Plan's "Claim Procedure" in Section 8.6 clearly requires that: "If an Executive believes that he is entitled to receive additional benefits under the Plan he must submit a claim for benefits in writing to the Committee" within 60 days after termination. (Plan § 8.6(a).)

Plaintiff never alleges that he made any attempts to pursue the Plan's administrative remedies, nor does he present any evidence to demonstrate that such attempts would have been futile. Plaintiff is required to first pursue the Plan's administrative procedures for claiming benefits. Until Plaintiff exhausts the Plan's administrative remedies, the Court cannot review his civil action, and must dismiss his motion to compel arbitration.

**Conclusion**

For the foregoing reasons, the Motion is granted and the Cross-Motion is denied. Plaintiff must exhaust his administrative remedies, in accordance with ERISA, prior to refiling the Complaint.

An Order accompanies this Opinion.

                                            **S/Susan D. Wigenton, U.S.D.J.**

cc:  Judge Madeline Cox Arleo